UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No.: 1:14-CV-23371-KMW

DIANE A., (a fictitious name)

    Plaintiff,

vs.

NEO LOFTS CONDOMINIUM
ASSOCIATION, INC. and
PENELOPE AQUINO,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO USE A FICTITIOUS NAME**

    COMES NOW Plaintiff, Diane A., by and through undersigned counsel, and hereby moves this court for permission to proceed with the fictitious name "Diane A.", and in support thereof states as follows:

**INTRODUCTION**

    This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601 et. seq., stemming from NEO LOFTS CONDOMINIUM ASSOCIATION, INC. and PENELOPE AQUINO's individual and collective violations of the FHA by unlawfully discriminating against Plaintiff, a person with disabilities. Defendants violated the FHA by refusing to make reasonable accommodations to the condo association's rules, policies, practices, or services, when such an accommodation is necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling. DIANE A.'s anxiety disorder is an essential element of her claim against Defendants, and as such, prosecution of this suit has compelled Plaintiff to disclose information of the utmost intimacy regarding her mental impairment.

Plaintiff filed this lawsuit using the fictitious name of "Diane A." which omits her last name because, as a professional admitted to the Florida bar, further disclosure of her name in its entirety could lead to stigmatization in the legal community, affecting her livelihood, and in turn exacerbate her anxiety.

On September 9, 2015, via a footnote to the Order Amending Schedule [DE 53], Plaintiff was instructed to correct the case style and identify herself by name in subsequent submissions to the Court. Plaintiff respectfully requests this Court to grant her Motion to Use a Fictitious Name and provides the following memorandum of law in support thereof:

## I. LEGAL STANDARD

A party to a civil action, either defendant or plaintiff, "may use a pseudonym when the circumstances of the case justify such use." *James Doe v. Provident Life and Accident Insurance Company*, 176 F.R.D. 464, 466 (E.D.Pa. 1997). There is no language in the Federal Rules of Civil Procedure that would expressly prohibit designation of a party by her initials or a pseudonym, and courts in many jurisdictions have permitted use of only initials when equity so requires. Fed. R. Civ. P. 10(a).

In determining whether an application should be granted, the court must "balance the strong interest in ensuring public access to civil judicial proceedings and records against the private and public interests favoring the use of pseudonyms." *Id*. at 467. The public's right of access should prevail unless the party requesting pseudonymity demonstrates that his interests in privacy or security justify pseudonymity." *Id.* The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

In balancing these competing interests, the following are among the factors that should be considered:

1. The extent to which the identity of the litigant has been kept confidential;
2. The bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
3. The magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
4. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
5. The undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case as the price of being publicly identified;
6. Whether the party seeking to sue pseudonymously has illegitimate ulterior motives';
7. The universal level of public interest in access to the identities of litigants;
8. Whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained
9. Whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated. *James Doe*, 176 F.R.D. at 467-468, infra.

A compelling and persuasive case involving a plaintiff's use of a pseudonym is *Does I Thru XXIII v. Advanced Textile Corp.,* 214 F. 3d 1058 (9th Cir. 2000). The *Does I Thru XXIII* Court states that courts must apply a balancing test weighing "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Id, at 1068. The Court goes on to point out that courts have allowed parties to use pseudonyms in three categories of cases: (1) when identification creates a risk of retaliatory physical or mental harm (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit an intent to engage in illegal conduct, thereby risking criminal prosecution. *Id*, quoting *Doe v. Stegall*, 653 F2d 180, 185 (5th Cir. 1981).

Courts may permit a plaintiff to proceed under a pseudonym when highly sensitive and important privacy interests are at stake. *M.M. v. Zavaras*, 139 F.3d 798, 802-03 (10th Cir.

1998)(quoting *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)); *see also Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)("Divulging personal information of the utmost intimacy or having to admit an intent to engage in prohibited conduct are proper factors to consider when a plaintiff requests anonymity."). The possibility of embarrassment alone is not enough to outweigh the presumption of openness when filing a public claim with the court. *Zavaras*, 139 F.3d at 803. Moreover, mere fear of damage to personal and professional reputation are generally not allowed to proceed anonymously. *Lindsey*, 592 F.2d at 1125. However, the presumption that parties' identities are public information can be overcome by showing the harm to the plaintiff exceeds the likely harm from concealment. *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004). Many courts have recognized pseudonym use in mental health cases. *See Doe v. Colautti*, 592 F.2d 704, 705 (3rd Cir. 1979); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. Harris*, 495 F.Supp. 1161 (S.D.N.Y. 1980); *Doe v. Gallinot*, 486 F.Supp. 983 (C.D. Cal. 1979); *Doe v. New York Univ.*, 442 F.Supp. 522 (S.D.N.Y. 1978); *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006).

In mental health cases, the plaintiff's impairment is directly tied to the subject matter of the litigation. In those cases, the plaintiff's situation is analogous to a woman seeking an abortion or a homosexual fired from his job because of his sexual orientation. *See, e.g., Roe v. Wade,* 410 U.S. 113 (1973) (holding that a woman denied an abortion was entitled to proceed under pseudonym); *Doe v. Commonwealth's Attorney for City of Richmond*, 403 F.Supp. 1199 (E.D.Va.1975), aff'd, 425 U.S. 901 (1976) (permitting a homosexual to proceed under a pseudonym in challenging state sodomy law). Like those litigants, the plaintiff in a mental health suit is faced with circumstances that society may not yet understand or accept and the plaintiff's condition is directly tied to the issues before the Court. *Doe v. Hartford Life & Acc. Ins. Co.*, 237

F.R.D. 545, 550 (D.N.J. 2006).

## II. ARGUMENT

This Honorable Court should follow the well-reasoned decision of Judge Clarence C. Newcomer in *James Doe v. Provident Life and Accident Insurance Company*, 176 F.R.D. 464 (E.D. Pa. 1997), which has facts substantially identical to those in the present case. Indeed, the factual circumstances in the present case are even more compelling than the circumstances that supported pseudonymity in *James Doe*, supra. This Court should therefore grant Plaintiff's Motion herein.

James Doe demonstrated that he has made all attempts to keep his identity confidential from the beginning of his case. The same is true in the instant action. At the specific request of Plaintiff, her attorneys have taken steps from the inception of this case to retain her rights to privacy. Moreover, Plaintiff indicates in the attached declaration that she herself has taken all steps to keep her illness confidential; only her doctors, insurance company, and close relatives and friends know about her mental impairment. *See* Diane A. Declaration attached hereto as Exhibit A.

James Doe demonstrated that he had genuine fears of being stigmatized in the community if others learned of his psychiatric problems. These fears were realistic because he had worked with attorneys on a regular basis as part of his job and there was "a strong possibility that some of these attorneys will follow this case in legal publications with the result being that plaintiff's professional reputation will be permanently damaged." 176 F.R.D. at 468. The Plaintiff herein has the same legitimate concern. She is an attorney and a named partner in her two-person firm. This requires her to establish relationships with law firms and lawyers throughout South Florida. Not only is there a strong possibility that Plaintiff's former clients would follow this action in

legal publications, but there is a strong possibility that many of Plaintiff's legal associates would consult these same publications. Additionally, as observed in *Doe v. Boulder Valley School District No. RE-2*, 2001 WL 3820781 (D. Colo. Aug. 30, 2011), electronic case filing allows anyone with an internet connection to access public pleadings. If her real name is used in this action, there is a strong possibility that her professional reputation will be permanently damaged, making it difficult for her to continue to in her career.

The Court in *James Doe*, supra, held that there is a strong public interest in maintaining the confidentiality of James Doe's name in order to prevent the stigmatization of litigants with mental illnesses and to avoid deterring people with mental illnesses from suing to vindicate their rights. 176 F.R.D. at 468. The Court found that this is particularly the case of an individual suing for disability benefits against an insurance company. An unscrupulous insurance company may be encouraged to deny valid claims with the expectation that claimants will not pursue their rights in court for fear of being "outed." Similar to *James Doe*, Plaintiff herein is suing to vindicate her right to housing free of discrimination based on her disability. The reasoning in *James Doe* is therefore applicable to the facts herein.

Diane A.'s situation is similar to the Plaintiff in *Doe v. Hartford Life and Acc. Ins. Co.*, 237 F.R.D. 545 (D.N.J. 2006), where an attorney suffering from a mental illness sought to remain anonymous during the legal proceedings. The court found that "[t]here is substantial public interest in ensuring that cases like the Plaintiff's are adjudicated and the rights of mental illness sufferers are represented fairly and without risk of stigmatization. However, this goal cannot be achieved if litigants suffering from mental illness are chilled from every reaching the courthouse steps for fear of repercussions that would ensue if their conditions were made public."

Plaintiff is not ashamed of her anxiety disorder. She did nothing to bring it on. However,

she is actively aware that others will treat her differently and make certain assumptions about her abilities as an attorney if she is given the public label of mentally impaired. In order to prevent this stigmatization from  ccurring and adversely impacting her professional career, Plaintiff seeks anonymity.

The Court in *James Doe*, supra, found that although the issues in the case were of interest to the public, the use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. 176 F.R.D. at 468. The same is true in the instant action. The public may be interested in this case's issue, but the use of a pseudonym will not interfere with the public's right or ability to follow the proceedings. In fact, Plaintiff's use of her first name and last initial has not prevented any of the pleadings from being viewed by the public.

The court in *James Doe* found that it would be undesirable if the plaintiff did not pursue his claim because of his fear of stigmatization. In the instant case, not only would there be the danger of letting Defendant discriminate against the disabled, but if Plaintiff chose not to pursue her claim, other similarly situated professionals would be hesitant to exercise their rights if it required public disclosure of their disabilities. Mental illnesses are still poorly understood and carry stigmas. Disclosing a mental illness involves matters of a highly sensitive and personal nature, which permits individuals to sue under fictitious names. *Doe v. Dechamps*, 64 F.R.D. 652, 653 (D. Mont.1974); discussion of *Roe v. New York*, 49 F.R.D. 279 (S.D.N.Y. 1970). (the *Doe* court refuses to follow *Roe* stating that "[s]ince that time, however, a host of cases have been prosecuted under fictitious names. . . . it is clear that a practice has developed permitting individuals to sue under fictitious names where the issues involved are matters of a sensitive and highly personal nature.")

Furthermore, if this Court denies Plaintiff's motion, there exists the possibility that she

might not pursue this claim due to the stigmatization that may result in her community and to her professional career. This would preclude the adjudication of a possibly meritorious claim that is ripe and ready for judicial review and frustrate the goal of judicial economy since future litigation will be wasted on an issue that is presently ready for adjudication. *See Doe v. Hartford Life & Acc. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006).

The court in *James Doe*, supra, found no illegal or ulterior motive for pursuing the claim anonymously. In the instant case, Defendant makes no allegation that any such motive exists, and in fact has not objected to the use of "Diane A." Like the plaintiff in *James Doe*, Plaintiff is not a public figure.

The court in *James Doe* found that defendant did not establish that its right to discovery would be hampered by pseudonymity. In the present case, Defendant does not assert that pseudonymity would affect discovery. Plaintiff is not attempting to shield her identity from Defendant – Defendant knows who she is. Rather, she is trying to protect her identity from persons not associated with Defendant. So, the fact that Defendant may know her name does not argue against allowing her to proceed under her initials or a pseudonym.

### III. CONCLUSION

Wherefore, Plaintiff Diane A. requests this Court issue an order permitting the action to proceed with use of the pseudonym "Diane A."; and enter a protective order shielding from public view all documents that reference Plaintiff's last name.

DATED: September 29, 2015

Respectfully Submitted,

| | |
|---|---|
| BY:/s/ Marcy LaHart | BY: /s/ Sarah M. Hayter |
| Marcy I. LaHart, Esq. | Robert N. Hartsell, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 636207 |

| | |
|---|---|
| Marcy@floridaanimallawyer.com | Sarah M. Hayter, Esq. |
| MARCY I. LAHART, P.A. | Florida Bar No. 83823 |
| 4804 SW 45th Street | Robert@Hartsell-Law.com |
| Gainesville, Florida 32608 | Sarah@Hartsell-Law.com |
| Telephone (352) 224-5699 | ROBERT N. HARTSELL, P.A. |
| Attorney for Plaintiff | Federal Tower Building |
| | 1600 S. Federal Highway, Suite 921 |
| | Pompano Beach, Florida 33062 |
| | Telephone (954) 778-1052 |
| | Facsimile (954) 941-6462 |
| | Attorneys for Plaintiff |

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion

**BY: /s/ Sarah M. Hayter, Esq.**
Sarah M. Hayter, Esq.
Florida Bar No. 83823

### CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF electronic mail service to this 29th day of September, 2015 to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record.

**BY: /s/ Sarah M. Hayter, Esq.**

Sarah M. Hayter, Esq.
Florida Bar No. 83823